IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE STATE OF ALABAMA ) | |
| DEPARTMENT OF REVENUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:11-cv-272-MEF |
| ) | [WO – Do Not Publish] |
| FEDERAL DEPOSIT INSURANCE ) | |
| CORPORATION, as Receiver for ) | |
| Colonial Bank, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case arises from the failure of Colonial Bank and specifically concerns Branch Banking & Trust's ("BB&T") subsequent assumption of some of Colonial's assets and liabilities pursuant to a Purchase & Assumption Agreement ("P&A Agreement") entered into by BB&T and the Federal Deposit Insurance Corporation acting as Colonial's Receiver ("FDIC" or "FDIC-R"). The case is before the Court on BB&T's Motion to Dismiss (Doc. # 34) Plaintiff Alabama Department of Revenue's ("ADOR") Amended Complaint (Doc. # 30), which alleges that BB&T assumed under the P&A Colonial's tax liabilities to the State of Alabama under Alabama's Financial Institutions Excise Tax ("FIET"), *Ala. Code* §§ 40-16-1, *et seq*. The issues having been fully briefed (Docs. # 34, 37, 41), and after careful consideration of the relevant law, the Court finds that BB&T's motion is due to be **GRANTED**.

## I.  JURISDICTION AND VENUE

The Court exercises subject matter jurisdiction pursuant to 12 U.S.C. § 1821(d)(6)(A) (allowing judicial determination of claim on deposit insurance fund) and § 1367 (supplemental jurisdiction).  The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both.

## II.  STANDARD OF REVIEW

A dispute over a breach-of-contract plaintiff's status as a third-party beneficiary is a dispute over standing.  *AT&T Mobility, LLC v. NASCAR, Inc.*, 494 F.3d 1356, 1359 (11th Cir. 2007).  As "'a threshold jurisdictional question[,] [standing] must be addressed prior to and independent of the merits of a party's claims.'"  *Id.* (quoting *Dillard v. Baldwin Cnty. Comm'rs*, 225 F.3d 1271, 1275 (11th Cir. 2000)).  "'[A] dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).'"  *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Cone Corp v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991)).

A Rule 12(b)(1) motion directly challenges the district court's subject matter jurisdiction.  *Gilmore v. Day*, 125 F. Supp. 2d 468, 470 (M.D. Ala. 2000).  "Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds."  *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)).

"Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint." *Id.* "When considering such challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true." *Id.* On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison*, 323 F.3d at 925. In a factual attack, "matters outside the pleadings, such as testimony and affidavits, are considered." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quotation omitted). "The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010).

This Court understands BB&T to be making a factual attack on the Court's subject matter jurisdiction. Although Count II of the Amended Complaint alleges that ADOR is a third-party beneficiary to the P&A Agreement, BB&T counters that this is factually and legally not the case. *See, e.g., Flexfab, L.L.C. v. United States*, 424 F.3d 1254, 1259 (Fed. Cir. 2005) (stating that "[t]he underlying question of whether [the plaintiff] was a third-party beneficiary under the contract is a mixed question of law and fact" (citation omitted)). In considering this factual attack based upon standing and ADOR's alleged status as a third-party beneficiary of the contract, the Court will consider the terms of the P&A Agreement attached to BB&T's first motion to dismiss.[1]

---

[1] The P&A Agreement was attached to BB&T's first Motion to Dismiss. (Doc. # 8.) Even if this challenge is more properly treated as a facial attack, looking to the terms of the P&A

### III.  FACTUAL BACKGROUND

Accepting as true the allegations of the Amended Complaint and drawing all reasonable inferences in ADOR's favor, the Court finds the following facts:

This case has its genesis in the failure of Colonial Bank.  On August 14, 2009, the State of Alabama Banking Department closed Colonial Bank and appointed the FDIC to act as Colonial's Receiver.  On the same day, the FDIC marshaled Colonial's assets and then entered into a P&A Agreement with BB&T as the assuming bank.

Meanwhile, ADOR had caught wind of what was afoot and sprung into action.  That same day, ADOR assessed a bevy of taxes allegedly owed to it by Colonial and four of its affiliates, totaling approximately $158 million.  ADOR submitted those claims to the FDIC and they were disallowed, prompting this litigation.  Of the $158 million, the Amended Complaint seeks a portion:  $12,757,095.33 in FIET tax assessments against Colonial BancGroup, Inc.

### IV.  DISCUSSION

BB&T advances three arguments in favor of dismissal of ADOR's claim against it: (1) ADOR failed to plead that its liens were perfected; (2) as unperfected liens, they are invalid against BB&T; and (3) ADOR is not a third-party beneficiary of the P&A Agreement

---

Agreement remains proper.  Although not attached to ADOR's Amended Complaint or to BB&T's second Motion to Dismiss, the P&A Agreement is incorporated by reference into ADOR's Amended Complaint, and, thus, can be considered by the Court in ruling upon BB&T's second Motion to Dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

and cannot recover its claims against BB&T.  However, because the Court concludes that ADOR is not an intended third-party beneficiary of the P&A Agreement and therefore lacks standing to sue BB&T, the Court need not, and indeed must not because it lacks subject matter jurisdiction, address BB&T's first two issues.

**A.    Federal Common Law Applies**

The first issue to be determined is choice of law.  The parties to the contract elected for federal common law to govern the P&A Agreement.  (P&A Agreement § 13.4.)  As a general matter, there is a strong presumption in favor of freely-negotiated contractual choice of law provisions.  *See Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1275 (11th Cir. 2011).  More specifically, it is fairly well-settled that a plaintiff claiming third-party beneficiary status to a contract is bound to the contract's choice of law provisions.  *See Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005); *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 890 (7th Cir. 2004) ("Insofar as the plaintiff's third-party beneficiary claim is concerned, the plaintiff is indeed bound by the choice of law . . . clause[ ] in the contract." (citing cases)).  Neither party has argued against enforcement of the choice of law provision, and the Court would be hard-pressed to think differently.[2]

---

[2] Moreover, there is case law indicating that federal common law might apply even in the absence of such a choice of law provision.  *See GECCMC 2005–C1 Plummer Street Office, L.P. v. JPMorgan Chase Bank, N.A.*, 671 F.3d 1027, 1032 (9th Cir. 2012).

**B.      ADOR Is Not an Intended Third-Party Beneficiary of the P&A**

Under federal common law, the Court looks to general principles for interpreting contracts to determine whether ADOR is a third-party beneficiary. *Ellinger v. United States*, 470 F.3d 1325, 1336 (11th Cir. 2006); *Plummer*, 671 F.3d at 1033. "[F]or one to be able to avail himself of a promise in an agreement to which he is not a party, he must, at least, show that it was intended for his direct benefit, in either all or part of its contemplated performance." 13 *Williston on Contracts* § 37:8 (4th ed.) (citing *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927) (Holmes, J.)). The intent of the contracting parties is the principal criterion by which courts determine whether a particular beneficiary has protected and enforceable rights under an agreement. *Id.*; *see also* 9 *Corbin on Contracts* § 44.1 (Rev. Ed. 2007).

To prove that one is an "intended" beneficiary with judicially enforceable rights (as opposed to an "incidental" beneficiary without such rights), the third-party bears the burden of proving that an objective reading of the contract expressly or impliedly reveals a clear intention of the contracting parties to confer a direct benefit to the third party. *Plummer*, 671 F.3d at 1033 (quoting and citing *Klamath Water Users Prot. Assoc. v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999)); *see also United States v. United Servs. Auto. Assoc.*, 968 F.2d 1000, 1001-02 (10th Cir. 1992) (applying Kansas law); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 & n.4 (5th Cir. 2000) (applying New York law).

In this case, ADOR's burden of proving a clear intent is particularly heavy because the contract includes a general disclaimer against any third-party beneficiaries. (P&A Agreement § 13.5 ("Except as otherwise specifically provided in this Agreement, nothing expressed or referred to in this Agreement is intended or shall be construed to give any Person other than the Receiver, the Corporation and the Assuming Bank any legal or equitable right, remedy or claim under or with respect to this Agreement . . . .").) In *Plummer*, the Ninth Circuit – construing a substantially identical P&A agreement – considered the purported third-party beneficiary's argument that § 2.1 of the P&A was carved out of the general disclaimer through the "[e]xcept as otherwise specifically provided" language therein. 671 F.3d at 1034. The Ninth Circuit rejected the argument, stating that the carve-out "does not refer to section 2.1 in a clear enough matter to overcome the presumption against third-party beneficiaries." *Id.*

ADOR attempts to cast aside *Plummer* by arguing that § 2.1 of the P&A Agreement in this case (on which ADOR also relies for its third-party beneficiary status) more specifically provides for third-party beneficiaries than § 2.1 of the P&A agreement at issue in *Plummer*. The Court has reviewed the provisions of both contracts, and they are nearly identical in substance. The only difference between the two is that § 2.1 of the P&A Agreement in the present case states that BB&T assumes "all of the *following* liabilities," (P&A Agreement § 2.1 (emphasis added)), and then lists the specific liabilities BB&T assumes. The P&A agreement in *Plummer* referred to the assuming bank as assuming "all

of the liabilities," (Case No. 2:10cv1615 (C.D. Cal.) (Doc. # 15-1)).  The designation of which liabilities BB&T assumed in § 2.1 does not materially affect the Court's third-party beneficiary analysis nor does it specifically provide for third-party rights in a clear enough manner to overcome both the general disclaimer of § 13.5 and the presumption against enforceable third-party beneficiary rights, especially with respect to contracts to which the government is a party.  *See* 9 *Corbin on Contracts* § 45.6 (since contracts involving the government usually serve the public interest, third parties are presumed to be incidental beneficiaries).

Finally, as articulated by the Ninth Circuit in *Plummer*, denying enforceable third-party beneficiary rights to ADOR comports with the Congressional objectives of FIRREA, namely "[t]o provide funds from public and private sources to deal expeditiously with failed depository institutions."  *See* FIRREA, Pub. L. No. 101-72, § 101(8) (1989).  As articulated in the Court's first Memorandum Opinion and Order, "the speed and timing of the transactions [are] important." (Mem. Op. 7 n.3.)  Potential assuming bank suitors, whom the FDIC must court aggressively, might be scared off at the prospect of defending many lawsuits from "any number of third parties who might claim a benefit from the Agreement's terms."  *Plummer*, 671 F.3d at 1035 (citing cases).  The system contemplated by FIRREA, which allows for assuming banks to assume only a portion of a failed banks assets and liabilities, would become inoperative if assuming banks were not able to quickly grasp

exactly what assets and what liabilities they are assuming, and their attendant level of risk and exposure to lawsuits.

Furthermore, FIRREA mandates that the FDIC-R "preserve and conserve the assets and property of [the failed bank]." 12 U.S.C. § 1821(d)(2)(B)(iv).  If the FDIC-R and BB&T truly intended to bestow enforceable third-party beneficiary rights to the failed bank's creditors, it would be a relinquishment of FDIC-R's statutory authority to prescribe rulemaking for and to determine the validity of claims in the first instance prior to judicial review.  *See* 18 U.S.C. § 1821(d)(3)-(6).  The Court refuses to construe the P&A Agreement in such a way as to disturb the statutory framework prescribed by Congress for dealing with failed banking institutions.  In short, ADOR's "recourse is not a suit against [BB&T] under the P&A Agreement."  *Plummer*, 671 F.3d at 1036 (citing § 1821(d)).

Because ADOR, as an incidental beneficiary, has no enforceable rights against BB&T under the P&A Agreement and lacks standing to sue BB&T under the P&A Agreement, the Court must dismiss BB&T without prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

## V.  CONCLUSION

In light of the foregoing, it is ORDERED that BB&T's motion to dismiss is GRANTED and ADOR's claims against BB&T are DISMISSED without prejudice.

DONE this 9th day of July, 2012.

    /s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE

9